**No. 24-7295**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

PRESTON LEE,

Plaintiff-Appellant

v.

L3HARRIS TECHNOLOGIES, INC.

Defendant-Appellee

---

On Appeal from the United States District Court
District of Hawaii Civil No. 1:20-00489 (LEK/KJM)
(Honorable Leslie E. Kobayashi)

---

**DEFENDANT-APPELLEE L3HARRIS TECHNOLOGIES, INC.'S
ANSWERING BRIEF**

---

CADES SCHUTTE LLP

AMANDA M. JONES        8854
MICHAEL R. SOON FAH   11156
1000 Bishop Street, 12th Floor
Honolulu, Hawaii 96813
Telephone:   (808) 521-9200
Email:  ajones@cades.com
          msoonfah@cades.com

Attorneys for Defendant-Appellee
L3HARRIS TECHNOLOGIES, INC.

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION .......................................................................1

II.    STATEMENT OF ISSUES PRESENTED FOR REVIEW.........................3

III.   CONCISE STATEMENT OF THE CASE ....................................................4

      A.    Lee filed this disability discrimination case against his former employer after the termination of his employment in June 2020. .......4

      B.    L3 sought documents concerning disability benefits claims and income, which were relevant to Lee's claim that he suffered substantial lost income due to the termination of his employment. ..........................................................................5

      C.    Lee appealed the District Court's 2022 summary judgment ruling.........................................................................................6

      D.    After remand, Lee disclosed for the first time that he applied for and was receiving Social Security disability benefits.........................7

      E.    Documents produced by the SSA showed that Lee represented under penalty of perjury that he became unable to work in November 2019. ................................................................11

      F.    Lee testified at his deposition in May 2024 that he was unable to work from November 18, 2019 to the present. ...............................13

      G.    L3 moved for summary judgment based on Lee's admissions that he was unable to work at the time his employment was terminated.........................................................................13

      H.    At the hearing on L3's motion for summary judgment, the District Court gave Lee a further opportunity to explain the contradiction between his declaration and deposition testimony. .....15

IV.   STANDARD OF REVIEW.........................................................................17

V.    SUMMARY OF ARGUMENT...................................................................18

VI.   ARGUMENT.............................................................................................19

      A.    Lee had the burden to establish a *prima facie* case by presenting admissible evidence that he was able to work (*i.e.*, was a "qualified individual") at the time of his termination. ........................19

i

## <u>TABLE OF CONTENTS (continued)</u>

Page

B.     The Judgment should be affirmed because the District Court did not abuse its discretion by applying the sham affidavit rule..............21

    1.     The District Court applied the correct legal standard when it applied the sham affidavit rule....................................22

    2.     The District Court's application of the sham affidavit rule was logical and supported by the record.................................23

    3.     The Opening Brief's arguments do not address the District Court's accurate finding that Lee did not offer an explanation for the contradiction between his deposition testimony and his declaration...................................................26

VII.     CONCLUSION.............................................................................30

ii

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Bates v. United Parcel Serv., Inc.*,
    511 F.3d 974 (9th Cir. 2007) (en banc) ...................................................... 19-20

*French v. Hawaii Pizza Hut, Inc.*,
    105 Hawaiʻi 462, 99 P.3d 1046 (2004) ........................................................... 20

*Hutton v. Elf Atochem N. Am., Inc.*,
    273 F.3d 884 (9th Cir. 2001) ............................................................................. 19

*Kaplan v. City of N. Las Vegas*,
    323 F.3d 1226 (9th Cir. 2003) .......................................................................... 20

*Kennedy v. Allied Mut. Ins. Co.*,
    952 F.2d 262 (9th Cir. 1991) ............................................................................. 22

*Kennedy v. Applause, Inc.*,
    90 F.3d 1477 (9th Cir. 1996) ............................................................................. 14

*Kumar v. Alameda Cnty. Med. Ctr., No. 09-4312 EDL*,
    2011 WL 13244636 (N.D. Cal. Mar. 25, 2011) ................................................ 27

*Lam v. University of Hawaii*,
    40 F.3d 1551 (9th Cir.1994) .............................................................................. 18

*Lang v. Oregon Shakespeare Festival Ass'n*,
    738 F. App'x 381 (9th Cir. 2018) ................................................................ 24, 25

*Lee v. L3Harris Techs., Inc., No. 22-15288*,
    2023 WL 5318319 (9th Cir. Aug. 18, 2023) ...................................................... 7

*Perez v. Curcio*,
    841 F.2d 255 (9th Cir. 1988) ............................................................................. 18

*Sch. Dist. No. 1J v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir.1993) ................................................................................ 22

*Smith v. Marsh*,
    194 F.3d 1045 (9th Cir. 1999) ............................................................................ 3

*Yartzoff v. Thomas*,
    809 F.2d 1371 (9th Cir. 1987) .......................................................................... 18

## <u>TABLE OF AUTHORITIES (continued)</u>

**Cases**                                                                                   **Page(s)**

*Yeager v. Bowlin*,
   693 F.3d 1076 (9th Cir. 2012) ................................................................. *passim*

**Statutes**

42 U.S.C. § 12111 ...................................................................................... 20

Haw. Rev. Stat. § 378-2 ...................................................................... 5, 6, 20

**Rules**

Fed. R. Civ. P. 56 ...................................................................................... 27

Fed. R. Evid. 801 ...................................................................................... 27

Fed. R. Evid. 802 ...................................................................................... 27

**Regulations**

29 C.F.R. § 1630.2 .................................................................................... 20

## DEFENDANT-APPELLEE
## L3HARRIS TECHNOLOGIES, INC.'S ANSWERING BRIEF

## I.     INTRODUCTION

This is Plaintiff-Appellant Preston Lee's ("**Lee**") second appeal in this disability discrimination case that he initiated against his former employer, Defendant-Appellee L3Harris Technologies, Inc. ("**L3**"). In Lee's first appeal, this Court affirmed the District Court's grant of summary judgment in favor of L3 on all of Lee's claims, except for the disability discrimination claims that were premised on the termination of Lee's employment, which were remanded.

After remand, Lee disclosed **for the first time** (despite prior requests for such information) that he was receiving Social Security disability benefits. L3 immediately requested that Lee produce documents relating to his application for and receipt of Social Security benefits.  So that it could conduct discovery regarding Lee's newly disclosed Social Security disability benefits claims, L3 moved to continue the trial and to re-open discovery. The District Court granted L3's request.

Documents produced by the Social Security Administration ("**SSA**") thereafter revealed that Lee filed an application for disability benefits with the SSA in June 2020 (the same month L3 terminated his employment), in which Lee stated under penalty of perjury, that he became unable to work due to his disability (PTSD) on November 18, 2019 (seven months prior to Lee's termination).  Consistent with the sworn statement Lee made to the SSA in 2020, at his deposition conducted in

2024 after remand, Lee testified unequivocally that his disability prevented him **"from working, from November 18ᵗʰ, 2019, to present,"** *i.e.* to 2024.

Based on Lee's testimony and his sworn statements to the SSA, L3 moved for summary judgment on Lee's remaining disability discrimination claims. The basis for the motion was that Lee's sworn statements demonstrated that he was not a "qualified individual" at the time L3 terminated his employment, and thus, Lee could not make a *prima facie* case of disability discrimination.

In response, Lee submitted a declaration stating that he was able to work at the time of his termination. Lee attempted to explain the contradiction between his declaration and the representations he made under penalty of perjury to the SSA in 2020. However, **Lee provided no explanation for the contradiction between his declaration and his 2024 deposition testimony**. At the hearing on L3's summary judgment motion, the District Court gave Lee another opportunity to point to evidence in the record that would explain the contradiction between his declaration and his deposition testimony. Lee provided none.

On October 31, 2024, the District Court granted L3's motion for summary judgment on Lee's remaining claims. The District Court found that there was a clear and unambiguous conflict between Lee's declaration stating that he was able to work at the time of his termination, and Lee's deposition testimony, where he stated under oath that he was unable to work at the time of his termination. The District Court

2

applied the sham affidavit rule to strike the portions of Lee's declaration that stated he was able to work at the time his employment was terminated. Based on Lee's admitted inability to work at the time of his termination, and his failure to explain the contradiction between his declaration and deposition testimony, the District Court concluded that Lee failed to meet his burden on summary judgment to establish that he was a qualified individual.

The judgment in L3's favor should be affirmed because the District Court did not abuse its discretion in finding Lee's declaration to be a sham and granting summary judgment based on Lee's admitted inability to work at the time his employment was terminated.

## II.   <u>STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>

The sole issue in this appeal is whether the District Court abused its discretion when it applied the sham affidavit rule to strike the portions of Lee's declaration stating that he was able to work at the time of his termination, which conflicted with his deposition testimony.  Lee's Opening Brief does not raise any other arguments for why the District Court erred by granting L3's motion, and to the extent he had any other arguments, he waived them. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived").

3

## III.   CONCISE STATEMENT OF THE CASE[1]

Lee's Opening Brief omits information about the discovery sought by L3 from Lee regarding his disability benefits claims prior to his first appeal to this Court and that Lee disclosed for the first time after remand that he had submitted applications for Social Security disability benefits. The post-remand disclosure led L3 to ask the District Court to continue the trial and re-open discovery. While Lee does not challenge the trial continuance in this appeal, this history is important to understanding the circumstances under which the SSA documents were produced and Lee's deposition was taken after remand, which are relevant to the District Court's finding that Lee's declaration was a sham. In this section, L3 provides this context that was not included in Lee's Opening Brief along with references to the Supplemental Excerpts of Record ("**SER**") concurrently submitted by L3.

### A.   Lee filed this disability discrimination case against his former employer after the termination of his employment in June 2020.

Lee brought this case against his former employer challenging L3's decision to terminate Lee's employment on June 22, 2020. 1-ER-004. Lee's First Amended

---

[1] Lee devotes several pages of his Opening Brief to discussing events prior to the termination of his employment that he alleges were discriminatory or otherwise wrongful. *See* Opening Brief at 4-13. While L3 does not agree with his recitation, those assertions are not relevant to the sole issue on appeal, which concerns Lee's inability to establish he is a qualified individual and the District Court's application of the sham affidavit rule. Thus, the focus of this Concise Statement is on the facts and circumstances that are relevant to the Court's review of that issue.

Complaint asserted five counts: (1) Disability discrimination under the Americans with Disabilities Act ("**ADA**"); (2) Retaliation under the ADA; (3) Disability discrimination under Hawaiʻi Revised Statutes ("**HRS**") § 378-2; (4) Retaliation under HRS § 378-2(2); and (5) a violation of the Hawaiʻi Whistleblower Protection Act codified at HRS Chapter 378, Part V. *See* Opening Brief at 1-2.

**B.    L3 sought documents concerning disability benefits claims and income, which were relevant to Lee's claim that he suffered substantial lost income due to the termination of his employment.**

During discovery prior to the first appeal, L3 asked Lee to produce:

- "All documents relating to any disability benefits you have received from 2016 to present, including but not limited to any statements showing the amounts of disability benefits received from the VA." 2-SER-167 (Response to Request No. 38).

- "All documents relating to any decisions regarding claims you made for disability benefits." 2-SER-167 to 168 (Response to Request No. 39).

- "All documents relating to your **claims for disability benefits from the VA or any other governmental agency**, including but not limited to statements in support of your claims for disability benefits, claims for benefits and appeals you made from denials of benefits." 2-SER-168 to 169 (Response to Request No. 40) (emphasis added).

In interrogatory requests, L3 asked Lee to identify "all sources of income from

5

the period of January 1, 2019 to the present." 2-SER-176 (Response to Interrogatory No. 5).

In response, Lee produced documents and responded to the interrogatory indicating that he received unemployment insurance benefits and disability benefits from the Department of Veterans Affairs ("**VA**"). *See* 2-SER-167 to 169; 2-SER-176 to 177. He did not disclose that he had submitted claims for Social Security disability benefits. *See id.*

L3's requests for such information were relevant because Lee was claiming lost wages between $860,000 and $952,000, premised on the assertion that Lee would have continued to work at L3 for another 10 or 11 years if he had not been terminated and that because of the termination, he would have zero income for the rest of his life. 2-SER-114 (Memo in Support of Motion to Continue at 3); 2-SER-179 to 183 (Ex. 3 to Motion to Continue (Seabolt Report)).

## C.  Lee appealed the District Court's 2022 summary judgment ruling.

On January 31, 2022, the District Court granted L3's Motion for Summary Judgment on All Claims. *See* 1-ER-004. Lee's claims for and receipt of disability benefits received from the VA were discussed, but not Lee's Social Security disability benefits claims, as those had not been disclosed. *See generally id.* Lee appealed the judgment in L3's favor. *Id.*

On August 18, 2023, this Court issued its Memorandum affirming the District

6

Court's grant of L3's Motion for Summary Judgment in part, reversing in part, and remanding the case for further proceedings. *Lee v. L3Harris Techs., Inc.*, No. 22-15288, 2023 WL 5318319 (9th Cir. Aug. 18, 2023). This Court affirmed the District Court's grant of summary judgment in favor of L3 on all of Lee's claims, except for his disability claims premised on the termination of his employment. *Id.* at *2-3. As to those disability discrimination claims, the Court found genuine issues of material fact and remanded the matter to the District Court for further proceedings relating to those claims. *Id.* at *2.

**D.    After remand, Lee disclosed for the first time that he applied for and was receiving Social Security disability benefits.**

After remand, the parties appeared before the Magistrate Judge for a scheduling conference to set trial on Lee's remaining claims. 2-SER-224 (First Amended Scheduling Order). At the scheduling conference, counsel discussed with the Magistrate Judge that both sides anticipated their experts would need to prepare supplemental reports given the passage of time since their initial reports were completed. 2-SER-135 to 136 (Jones Decl. ¶ 7). L3's counsel also raised that supplemental discovery was needed from Lee for L3's expert to supplement his report. *Id.* The Magistrate Judge suggested the parties work on a stipulation regarding the timing of the supplemental reports.[2] *Id.*

---

[2] A Stipulation was subsequently submitted and approved by the Magistrate Judge. 2-SER-098 to 101 (Stipulation).

7

After the conference, counsel discussed the timing for the exchange of supplemental expert reports. 2-SER-136 (Jones Decl. ¶ 8). L3's counsel asked Lee's counsel how long it would take to provide supplemental discovery responses relating to damages issues because this information was necessary for L3's expert to supplement his report. *Id.*; 2-SER-187 to 188 (9/21/23 email). Lee's counsel indicated that he was working on the supplemental discovery. 2-SER-186. Lee's counsel also represented that Lee had no employment since his termination from L3 in June 2020, and thus, Lee's expert was not going to update his report after all. 2-SER-187 (9/21/23 email). L3's counsel followed up with Lee's counsel several times thereafter regarding the requested supplemental damages information. 2-SER-186 to 187.

On November 17, 2023, Lee provided a supplemental interrogatory response. 2-SER-193 (11/17/23 email); 2-SER-195 (supplemental responses). This response disclosed **for the first time** that Lee was receiving Social Security disability benefits. *See* 2-SER-197. L3's counsel responded the same day by requesting documents relating to Lee's receipt of Social Security benefits. 2-SER-193 (11/17/23 email). Lee's counsel stated that Lee **did not have any documents** relating to his Social Security disability claim. 2-SER-192 (11/27/23 email).

L3's counsel researched how to obtain documents from the SSA and provided Lee's counsel with the option to either complete the form requesting the records or

the parties could request a reopening of discovery so L3 could subpoena the SSA for the records. *Id.* (11/27/23 email). On November 28, 2023, Lee's counsel responded that Lee would complete the form to request the records and would submit it as soon as possible. *Id.* (11/28/23 email). Thereafter, L3's counsel followed up several times regarding the status of the records. 2-SER-190 to 191; *see also* 2-SER-199 (Ex. 7 to Motion to Continue); 2-SER-137 (Jones Decl. ¶ 10).

In January 2024, Lee's counsel transmitted a CD containing about 500 pages of documents. 2-SER-219 (Ex. 10 to Motion to Continue). The documents included items that were mailed directly to Lee's home or that Lee submitted to the SSA, *i.e.*, things that Lee should have had in his possession that he should have produced. *See* 2-SER-138 to 140 (Jones Decl. ¶¶ 15-16).

The produced documents showed that Lee submitted a disability benefits claim to the SSA in 2021 which was ultimately successful. 2-ER-282 to 292 (Exs. H and I to Motion for Summary Judgment). The documents also referenced that Lee had previously applied for disability benefits in June 2020. 2-ER-259 to 282 (Exs. C- G to Motion for Summary Judgment). However, the documents regarding Lee's 2020 application and the disposition of that claim were not on the CD or otherwise produced by Lee. 2-SER-139 to 140 (Jones Decl. ¶¶ 16-17).

Given the lack of critical documents, L3 filed a Motion to Continue Trial, Modify First Amended Scheduling Order, and to Reopen Discovery, or in the

Alternative, for Adverse Instructions as a Sanction for Plaintiff's Untimely and Incomplete Production of Documents. 2-SER-103 to 224 (Motion to Continue). The Motion asked the District Court to continue the trial date and re-open discovery to allow L3 to conduct discovery on Lee's Social Security applications. 2-SER-104 to 106. In the alternative, L3 asked for an adverse instruction due to Lee's untimely and incomplete production of documents relating to his Social Security benefits. 2-SER-106 to 107.

The District Court issued a minute order stating that it was inclined to deny the request to continue the trial, directing L3 to provide further briefing regarding the alternative request for adverse instructions as a sanction for Lee's untimely and incomplete production of documents, and directing Lee to file any opposition or response to the motion after L3 submitted this supplemental briefing. 2-SER-102 (Minute Order). The parties submitted the requested briefing. 2-SER-051 to 095 (L3's supplemental briefing); 1-SER-027 to 049 (Lee's Opposition).

On February 15, 2024, the District Court granted L3's motion to continue the trial and re-open discovery so L3 could obtain documents regarding Lee's Social Security disability benefits claims that Lee had not yet produced and to allow L3 to take a further deposition of Lee. 1-SER-025 to 026 (2/15/24 EO). In accordance with that ruling, on February 23, 2024, the Magistrate Judge entered a Second Amended Rule 16 Scheduling Order which set a new trial date, discovery cutoff, and

10

dispositive motions deadline. 1-SER-015 to 020 (Second Amended Scheduling Order).

In March 2024, L3 obtained a subpoena for Lee's records from the SSA. 1-SER-008 to 014 (3/11/2024 Subpoena). After receiving the documents produced by the SSA, L3 noticed Lee's deposition.[3] 1-SER-002 to 003 (COS re: Second Amended Notice of Taking Deposition Upon Oral Examination of Preston Lee).

## E. Documents produced by the SSA showed that Lee represented under penalty of perjury that he became unable to work in November 2019.

Documents produced by the SSA reflected that in June 2020, Lee submitted an application for Social Security disability benefits in which he represented, under penalty of perjury, that he "became unable to work because of [his] disabling condition on November 18, 2019." 2-ER-263. Lee represented to the SSA that he was unable to work because of PTSD. *See, e.g.*, 2-ER-301 (indicating that Lee requested reconsideration of the SSA's initial decision regarding his claim that he was entitled to 100% disability benefits because of PTSD).

In response to L3's post-remand requests for admissions, Lee admitted, among other things: (1) "In his June 2020 Social Security Disability Claim, Plaintiff Preston Lee claimed he was unable to work due to Post Traumatic Stress Disorder

---

[3] Due to a delay with the SSA's production of requested documents, the Parties stipulated, and the Court agreed, to extend the discovery and dispositive motions deadlines to allow for receipt and review of the SSA documents. 1-SER-004 to 007.

('PTSD'), sleep apnea, tinnitus, and hearing loss," 2-ER-295, (Request for Admission ("**RFA**")) No. 2; (2) "In the June 2020 Social Security Disability Claim, Plaintiff Preston Lee claimed an inability to function and/or work as of November 18, 2019," 2-ER-295 (RFA No. 3); (3) "After his employment was terminated, Plaintiff Preston Lee told the Social Security Disability Administration that he had been fired on June 22, 2020, and that his conditions became severe enough to keep from working as of November 18, 2019," 2-ER-295 (RFA No. 5); (4) "Plaintiff Preston Lee understood when submitting statements to the Social Security Administration that anyone who makes or causes to be made a false statement or representation of material fact for use in determining a payment under the Social Security Act commits a crime punishable under Federal law by fine, imprisonment, or both," 2-ER-299 (RFA No. 26); (5) "Plaintiff Preston Lee has never informed the Social Security Administration that statements he made in connection with his Social Security Disability Claims were false, inaccurate, or mistaken," 2-ER-299 (RFA No. 27); (6) "At all times since filing his first request for Social Security disability benefits in June 2020, Plaintiff Preston Lee has taken the position with the Social Security Administration that he is unable to work due to his conditions," 2-ER-300 (RFA No. 29); and (7) "Plaintiff Preston Lee has not at any time since filing his first request for Social Security disability benefits in June 2020 told the Social Security Administration that he is able to work." 2-ER-300 (RFA No. 30).

12

**F.     Lee testified at his deposition in May 2024 that he was unable to work from November 18, 2019 to the present.**

L3's counsel took Lee's deposition on May 20, 2024. 2-ER 167.  L3's counsel asked Lee about his June 2020 representation to the SSA in his application for Social Security benefits, that Lee was unable to work since November 18, 2019. 2-ER-189 to 197 (Lee Depo. Trans., Exhibit A to L3's Motion (**Lee Tr.**)) at 31:13-38:11.

During his deposition, Lee stated in his own words that his disability prevented him from working beginning in November 2019 (seven months prior to his termination) to the present. 2-ER 196-197 (Lee Tr. at 38:24-39:3) ("**[B]ecause of my disability it's prohibiting me from working, from November 18ᵗʰ, 2019, to present**.") (emphasis added). Despite the opportunity to do so, Lee did not correct or modify this deposition testimony. 2-ER-044.

**G.     L3 moved for summary judgment based on Lee's admissions that he was unable to work at the time his employment was terminated.**

On June 28, 2024, L3 filed a Motion for Summary Judgment on all of Lee's remaining claims. 2-ER-123.  This motion argued that L3 was entitled to summary judgment because Lee could not meet his burden to show that he was a qualified individual capable of performing his essential job functions with or without an accommodation at the time of his termination. 2-ER-131, 137-144.

L3's motion relied on Lee's admissions and sworn statements.  It pointed to Lee's representations to the SSA and his deposition testimony that he has been

13

unable to work from November 18, 2019 (seven months before his termination) to the present. *Id.* Based on Lee's unequivocal deposition testimony that he was unable to work, L3 argued that summary judgment was appropriate. 2-ER-144.[4] The motion pointed out that Lee could not submit a declaration contradicting his deposition testimony to create a genuine issue of material fact. 2-ER-137 to 138 (citing *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)); *see also* 2-ER-125 ("Lee cannot create a genuine issue of material fact by refuting his prior sworn statements.").

Lee opposed the motion and argued that he was a qualified individual who was able to work at the time of his termination. 2-ER-101, 110-113. The only evidence he submitted to support the argument that he was a qualified individual was his declaration, which stated "[u]p until my termination, I was ready and willing to return to work," and that "the exacerbation of my PTSD caused by my termination. . . caused me to no longer be able to work." 2-ER-098 (Lee Decl. ¶ 150).

Lee's opposition attempted to explain the contradiction between his declaration and his representations to the SSA by arguing that Lee listed November 18, 2019 as the date of his disability because that was the last day that he worked

---

[4] In the alternative, L3 requested that the District Court dismiss Lee's claims as a sanction for spoliation of evidence due to Lee's admitted destruction of documents relating to his Social Security benefits or enter partial summary judgment on Lee's claims for back and front pay based on Lee's admitted inability to work from the date of his termination to the present. 2-ER-144 to 153.

and that is what he understood the SSA's form to be asking. 2-ER-133. Critically however, Lee did not explain or address the contradiction between his declaration and **his deposition testimony** wherein he had clearly and unequivocally stated that his disability prohibited him from working "from November 18th, 2019, to present." *See*, *generally*, 2-ER-101 to 122; *see also* 2-ER 196 to 197 (Lee Tr. at 38:24-39:3).

L3's reply memorandum argued that Lee could not establish an issue of material fact by submitting a declaration that contradicted his deposition testimony, citing the sham affidavit rule. 2-ER-028 to 031.

## H. At the hearing on L3's motion for summary judgment, the District Court gave Lee a further opportunity to explain the contradiction between his declaration and deposition testimony.

On September 24, 2024, the District Court held a hearing on L3's Motion for Summary Judgment. 3-ER-422 (Hearing Transcript). L3's counsel reiterated that Lee's statements to the SSA and at his deposition contradicted his declaration, and while Lee had attempted an explanation for his statement to the SSA, he had not offered an explanation for his deposition testimony. 3-ER-425 to -426 (Hearing Tr. at 4:5-5:17); 3-ER-428 to -429 (Hearing Tr. at 7:1-8:6).

The District Court gave Lee's counsel an opportunity to address those arguments, 3-ER-429 (Hearing Tr. at 8:8-10), and to point out the parts of the record where Lee explained the inconsistency. 3-ER-432 to -433 (Hearing Tr. at 11:15-12:16). Lee's counsel responded by pointing to Lee's declaration that explained that

15

Lee put November 18, 2019 as the date of his disability in his June 2020 Social Security benefits application because that was the last day that he worked before his termination. 3-ER-432 (Hearing Tr. at 11:2-11:14); 3-ER-433 to 435 (Hearing Tr. at 12:17 to 14:3). However, Lee's counsel proffered no explanation for the contradiction between Lee's declaration and his deposition testimony. *See id.*

On October 31, 2024, the District Court entered its Order Granting Defendants' Motion for Summary judgment on Remaining Claims. 1-ER-003. The District Court held that L3 was entitled to summary judgment because Lee failed to provide admissible evidence demonstrating a genuine issue of material fact regarding his status as a qualified individual with a disability. The District Court found that the sham affidavit rule applied to the portions of Lee's declaration submitted with his opposition to the Motion in which he stated that he was able to work after November 18, 2019. 1-ER-018.

Specifically, the District Court found that "[t]he Lee Declaration 'flatly contradicts' Lee's deposition regarding his ability to work." 1-ER-018. The District Court found that the contradiction between Lee's declaration and his deposition testimony was "clear and unambiguous," and that "Lee has not offered any explanation for this contradiction." *Id.* Therefore, the District Court found that "the portions of the Lee Declaration in which he states he was able to work after November 18, 2019" were a sham, and "[t]hese statements in his declaration cannot

16

be used to create an issue of fact." *Id.*

Based on Lee's admitted inability to work and failure to submit admissible evidence showing he could work at the time of his termination, the District Court found that Lee "failed to establish he was a 'qualified individual' at the time of his termination" and granted summary judgment in L3's favor. 1-ER-020. On May 6, 2025, the District Court entered judgment in favor of L3. 1-ER-002.

## IV.   STANDARD OF REVIEW

Lee contends that the standard of review applicable to this Court's determination of the issue on appeal is "de novo" because it relates to the District Court's grant of summary judgment. *See* Opening Brief at 17.  However, Lee's Opening Brief acknowledges that the issue on appeal is whether **the District Court erred by applying the sham affidavit rule**. *See* Opening Brief at 19 ("The District Court erred in finding that Mr. Lee's declaration attached to his Opposition to L3 Second Motion for Summary Judgment was 'sham affidavit' and therefore he had not submitted sufficient facts that he was a qualified employee with a disability under the federal and state disability discrimination laws.").  The standard of review applicable to Lee's challenge to that finding is not *de novo*.

This Court has held that "a district court's decision whether to apply the sham affidavit rule should be reviewed for **abuse of discretion**." *Yeager v. Bowlin*, 693 F.3d 1076, 1079 (9th Cir. 2012) (emphasis added). Under this standard, the Court

first "determine[s] *de novo* whether the trial court identified the correct legal rule to apply to the relief requested." *Id.* (quotation omitted). Lee's Opening Brief does not argue that the District Court applied an incorrect legal rule.

Where the District Court has applied the correct legal rule, this Court "determine[s] whether the trial court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* at 1079–80 (quotation omitted). Therefore, this Court may only reverse the District Court's decision to apply the sham affidavit rule if it is illogical, implausible, or without support from the facts in the record. *See id.*[5]

## V.   <u>SUMMARY OF ARGUMENT</u>

The District Court did not abuse its discretion when it applied the sham affidavit rule to strike the portion of Lee's declaration stating that he was able to work at the time of his termination. The record before the District Court provided ample justification for the District Court's decision. The statement in Lee's

---

[5] Lee's Opening Brief argues that this Court is "generally reluctant to approve summary judgment in a case in which the motivation or intent of a party is placed at issue, especially in employment rights cases" and it is purportedly "rare to grant summary judgment in favor of a defendant in a discrimination case." Opening Brief at 18 (citing *Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir. 1988), *Yartzoff v. Thomas*, 809 F.2d 1371, 1377 (9th Cir. 1987), and *Lam v. University of Hawaii*, 40 F.3d 1551 (9th Cir.1994)). However, the issue in this appeal does not concern whether L3 had discriminatory intent. Rather, the sole issue is whether the District Court abused its discretion when it applied the sham affidavit rule. Accordingly, Lee's argument about a defendant's motivation is irrelevant.

declaration that he was able to work at the time of his termination flatly contradicted Lee's prior, uncorrected deposition testimony in which Lee stated that he was unable to work from November 18, 2019 to the present. Additionally, Lee failed to provide any explanation for the clear and unambiguous contradiction.

Summary judgment was properly entered in L3's favor because Lee's admitted inability to work at the time of his termination demonstrated he could not establish the second element of a *prima facie* case of disability discrimination. Therefore, the District Court's judgment in L3's favor should be affirmed.

## VI.  ARGUMENT

**A. Lee had the burden to establish a *prima facie* case by presenting admissible evidence that he was able to work (*i.e.*, was a "qualified individual") at the time of his termination.**

To establish a *prima facie* case of discrimination under the Americans with Disabilities Act ("**ADA**") and the Hawai'i Employment Practices Act ("**HEPA**"), the plaintiff bears the burden of proving that he: (1) is a disabled person within the meaning of the statute; (2) **is a qualified individual with a disability**; and (3) suffered an adverse employment action because of his disability. *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) (explaining the elements of the *prima facie* case of discrimination under the ADA that the plaintiff bears the burden of proving; *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) (en banc) (explaining that "under the ADA, an employee bears the ultimate

19

burden of proving that he is . . . a 'qualified individual with a disability'") (citation omitted); *see also French v. Hawaii Pizza Hut, Inc.*, 105 Hawai'i 462, 467, 99 P.3d 1046, 1051 (2004) (holding that the requirements to make a *prima facie* case of disability discrimination under HEPA (HRS § 378–2) are the same as under the ADA).

To be a qualified individual, the plaintiff must be able to perform the essential functions of his job with or without a reasonable accommodation. 42 U.S.C. § 12111(8); *see also* 29 C.F.R. § 1630.2(m); *Bates*, 511 F.3d at 989. If he cannot, "then the ADA's employment protections do not apply." *Bates*, 511 F.3d at 989 (citation and quotation marks omitted). The relevant time period for the assessment of the ability to perform the essential functions is the time of termination. *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1230 (9th Cir. 2003).

Lee does not challenge (and could not challenge) the District Court's conclusion that Lee had the burden to establish that he was a "qualified individual." Opening Brief at 19 (citing 1-ER-003-021). Lee also does not dispute that his burden was to establish his qualifications **at the time of his termination**, which was June 2020. *Id.* ("As is clear from the District Court's Order, 'At issue is the second element, whether Lee was a 'qualified individual' at the time of his termination.'").

In opposition to L3's summary judgment motion, the only evidence Lee presented regarding his ability to work at the time of his termination was his

20

declaration. 2-ER-113 (citing Lee Decl. at ¶¶ 122, 148-165 (2-ER-091, 097 to 099);
3-ER-430 to 431, 434 (Hearing Tr. 9:24, 10:4-10:6, 11:2-11:8, 13:15-13:16). As
explained in the section below, the District Court did not abuse its discretion when
it applied the sham affidavit rule and disregarded that statement. This left no
admissible evidence that Lee was able to work at the time of his termination. Lee's
Opening Brief does not identify any other evidence that would establish his status as
a qualified individual besides his declaration. *See generally* Opening Brief.

The District Court entered summary judgment in favor of L3 on Lee's
remaining claims because Lee failed to submit evidence on an element of his
disability discrimination claims upon which he bore the burden of proof. Therefore,
the only issue in this appeal is whether the District Court abused its discretion by
applying the sham affidavit rule to parts of Lee's declaration. As discussed below,
the District Court did not abuse its discretion.

**B.    The Judgment should be affirmed because the District Court did not abuse its discretion by applying the sham affidavit rule.**

"The general rule in the Ninth Circuit is that a party cannot create an issue of
fact by an affidavit contradicting his prior deposition testimony." *Yeager v. Bowlin*,
693 F.3d 1076, 1080 (9th Cir. 2012) (quotation omitted). "This sham affidavit rule
prevents 'a party who has been examined at length on deposition' from 'rais[ing] an
issue of fact simply by submitting an affidavit contradicting his own prior
testimony,' which 'would greatly diminish the utility of summary judgment as a

21

procedure for screening out sham issues of fact.'" *Id.* (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)). This Court has held that the sham affidavit rule "'should be applied with caution'" because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment. *Id.* (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir.1993)).

In this case, the District Court applied the correct legal standard when it applied the sham affidavit rule (and Lee does not suggest otherwise). Additionally, the District Court's application of the sham affidavit rule is supported by the record. Lee's deposition testimony was clear and unambiguous and he offered no explanation for the contradictory statements in his declaration. Thus, the District Court did not abuse its discretion in applying the sham affidavit rule.

    1.    The District Court applied the correct legal standard when it applied the sham affidavit rule.

Under *Yeager*, this Court must first determine *de novo* whether the District Court applied the correct legal standard when it invoked the sham affidavit rule. *See id.* Lee's Opening Brief does not argue that the wrong legal standard was applied and he could not make such an argument. The record below shows that the District Court carefully considered this Court's precedent on the requirements for application of the rule and applied the relevant factors to the evidence before it that was in the record. *See* 1-ER 016 to 018 (discussing the sham affidavit rule as recited in this

22

Court's decision in *Yeager* and other decisions).

The suggestion in the Opening Brief that Lee was not given an opportunity to address this issue is not accurate. *See* Opening Brief at 19 ("It must be noted that the Sham Affidavit issue was first brought up in L3's Reply and Mr. Lee had no chance to brief the issue."). First, given that L3 was relying on Lee's deposition testimony and other sworn statements to support its summary judgment motion, L3 raised in its motion that Lee could not avoid summary judgment by submitting a declaration that contradicted his prior sworn testimony. 2-ER-137 to 138. Lee therefore had an opportunity to address that issue in his opposition.

Moreover, at the hearing on the summary judgment motion, the District Court gave Lee's counsel an opportunity to direct the court to evidence in the record that would explain the contradiction or otherwise support Lee's burden. 3-ER-431 to 433 (Hearing Tr. at 10:24-12:16). Indeed, virtually the entire hearing was dedicated to addressing the sham affidavit issue. *See* 3-ER 422 to 436. Lee had a full and fair opportunity to address the issue that his declaration was a sham.

2. The District Court's application of the sham affidavit rule was logical and supported by the record.

Next, this Court must determine if the District Court's application of the sham affidavit rule was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Yeager*, 693 F.3d at 1079-80.

To apply the sham affidavit rule, the district court must make a factual

determination that the contradiction is a sham, and the "inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." *Id.* at 998–99. This Court has explained that "newly-remembered facts, or new facts, **accompanied by a reasonable explanation**, should not ordinarily lead to the striking of a declaration as a sham." *Yeager*, 693 F.3d at 1081 (emphasis added). Thus, "the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition and minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit." *Id.* (quotation omitted).

However, where the non-moving party fails to provide a reasonable explanation for a clear and unambiguous contradiction between the non-moving party's declaration and prior deposition testimony, the district court does not abuse its discretion in striking his declaration. *See id.*; *see also Lang v. Oregon Shakespeare Festival Ass'n*, 738 F. App'x 381 (9th Cir. 2018) (affirming summary judgment where the district court applied the sham affidavit rule to the plaintiff's declaration in an ADA case that contradicted his prior deposition testimony).

Applying this Court's precedent, the District Court did not abuse its discretion when it applied the sham affidavit rule to the parts of Lee's declaration that stated he was able to work at the time of his termination. As the District Court correctly

found, these statements in Lee's declaration "flatly" contradicted his deposition testimony in which Lee testified unequivocally that his disability made him unable to work "from November 18th, 2019, to present." 1-ER-018. The District Court recognized that Lee had attempted to explain his statements to the SSA, but correctly found that he had not offered an explanation for his deposition testimony. *Id.*

The District Court's findings are clearly supported by the record. The conflict between Lee's declaration and his deposition testimony was not a minor inconsistency. And his declaration did not merely elaborate upon, explain or clarify his deposition testimony. Rather, his declaration stated the exact opposite of what Lee said at his deposition with no explanation whatsoever. 2-ER-097 to 098 (Lee Decl. ¶¶ 150, 152). Lee also did not correct his deposition testimony, despite the opportunity to do so. 2-ER-044.

Moreover, the circumstances support that Lee's testimony was not an error. Lee's deposition testimony was entirely consistent with what Lee told the SSA under penalty of perjury four years earlier when he said he became unable to work in November 2019 due to his PTSD. 2-ER-054 (responses to RFA Nos. 2 and 3). Lee knew he had an obligation to be truthful in making statements to the SSA and admits he never told the SSA that the statements he made to the agency in June 2020 were inaccurate or mistaken. 2-ER-058 (responses to RFA Nos. 26 and 27).

Based on Lee's unequivocal deposition testimony and admitted

25

representations to the SSA, the District Court did not abuse its discretion when it found that the contrary statements in his declaration were a sham. Lee's failure to provide a logical or plausible explanation for these contradictions properly resulted in his declaration being stricken.

> 3.   The Opening Brief's arguments do not address the District Court's accurate finding that Lee did not offer an explanation for the <u>contradiction between his deposition testimony and his declaration.</u>

Lee's Opening Brief does not contend that Lee offered an explanation for the contradiction between his declaration and his deposition testimony. Rather, the Opening Brief contends the sham finding was an error because:

> 1) "On or about April 1, 2020, prior to his termination (June 22, 2020) and the date he became no longer able to work (June 23, 2020), Mr. Lee's doctor, Dr. Williamson, released him to return to work. [Docket No. 195-6, 2-ER-091 at ¶ 122]."
>
> 2) "Mr. Lee has PTSD a disability that effects his ability to think clearly [Docket No. 195-6, 2-ER-097-098 at ¶ 149-150],"
>
> 3) "Mr. Lee explained that he made a mistake in his first SSA filing in believing November 18, 2019, the date he went out on stress leave, was the date he could no longer work (by his statement and a fair inference Mr. Lee has explained why his testimony and submission to the SSA was an error as a person with PTSD that effects his ability to think clearly and his short term memory.) [Docket No. 195-5, 2-ER-073-075] [Docket No. 195-6, 2-ER-097-100 at ¶ 149-166],"
>
> 4) "prior to his deposition or his declaration Mr. Lee submitted a second application with the SSA with the correct date that he could no longer work as of June 23, 2020. [Docket No. 195-6, 2-ER-099 at ¶ 165],"
>
> 5) "Several of the documents that were produced as a result of Defendant L3Harris's subpoena to the SS office reflect that Mr. Lee initially filed on June 25, 2020. [Docket No. 198-1, 2-ER-054]. [Docket No. 196-1, 2-ER-060]. [Docket No. 197-1, 2-ER-069]."

26

Opening Brief at 22-23.

None of the arguments help Lee because they do not dispute or address Lee's clear and unambiguous **deposition testimony** stating that he was unable to work from November 18, 2019 to present.

Moreover, there are two additional problems with Lee's first argument regarding his alleged release to work in April 2020. First, Lee's declaration stating that Dr. Williamson released him to return to work is inadmissible hearsay. Fed. R. Evid. 801(c) (defining hearsay as an out of court statement offered to prove the truth of the matter of the statement); FRE 802 (providing that hearsay is inadmissible unless allowed under statute or rule); *accord Kumar v. Alameda Cnty. Med. Ctr.*, No. 09-4312 EDL, 2011 WL 13244636, at *11 (N.D. Cal. Mar. 25, 2011) (holding that the plaintiff could not establish that he had a disability based upon the plaintiff's deposition testimony regarding what his doctor told him).

Lee did not submit evidence in response to L3's summary judgment motion showing that Dr. Williamson had released Lee to return to work. The District Court correctly recognized that it was not required to consider evidence outside the documents and testimony submitted with and in response to L3's summary judgment motion. *See* 3-ER-431 (Hearing Tr. at 10:7-10:22); *see also* Fed. R. Civ. P. 56(c)(3) (providing that "the court need consider only the cited materials").

Second, Lee's statements about Dr. Williamson do not establish that Lee was

27

able to work **at the time of his termination**, which Lee admits is the relevant time period for the inquiry. Opening Brief at 19. Lee was terminated on June 22, 2020. 1-ER-004. The allegation that Lee was released to return to work on April 1, 2020, does not establish that Lee was able to work in June when he was terminated. Nor does it explain why Lee testified in his deposition, unequivocally, that he was unable to work from November 18, 2019 to the present.

Lee's second argument regarding his inability to think clearly also does not help him. Lee cites no authority for the proposition that a mental condition that affects his memory is a defense to the sham affidavit rule. Furthermore, Lee had an opportunity to correct his deposition transcript if he maintained the testimony was mistaken. He made no such correction. 2-ER-044.

Lee's third and fourth arguments attempt to explain why Lee put November 18, 2019 in his June 2020 application to the SSA (claiming it was a mistake that he later corrected), but even assuming that explanation could be accepted[6], it does not

---

[6] Lee's declaration stated that the November 2019 date he provided in his first Social Security application in June 2020 was a mistake because he thought the question asked for the date the applicant last worked. 2-ER-099 ¶ 161. Lee's declaration stated that when he submitted his second application in 2021, he received assistance and was helped to understand that the question was asking for the date when he became disabled and Lee input June 23, 2020 (the day after his termination) as the date he became disabled. 2-ER-099 ¶ 165.

However, this explanation contradicts Lee's deposition testimony. In his deposition, Lee first testified that no one helped him with either of his applications and he did not know why his second application used a different date than his first application. 2-ER-217, Lee Tr. at 62:15-62:22. Later in his deposition, Lee recalled

explain Lee's unequivocal ***deposition*** testimony.

His fifth argument, that Lee submitted his first SSA application on June 25, 2020, is similarly unhelpful. One SSA record does reflect that Lee contacted the agency prior to his termination (2-ER-259, letter from SSA dated June 17, 2020), but the District Court's sham finding was not based on that document. 1-ER-016, 019 (explaining that application of the sham affidavit rule was appropriate because Lee's declaration testimony contradicted his deposition testimony).

In sum, the District Court did not abuse its discretion when it applied the sham affidavit rule to strike the portions of Lee's declaration that contradicted his deposition testimony. Lee's Opening Brief does not identify any reason that the application of this doctrine here was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *Yeager*, 693 F.3d at 1079-80. The bottom line is that Lee's deposition testimony demonstrated he was unable to work beginning in November 2019 through the present. This testimony negated an element of his *prima facie* case. He could not create a genuine issue by submitting

---

that someone named Mr. Youngman assisted him with his 2021 application and asked when Lee's employment was terminated. 2-ER-218, Lee Tr. at 63:7-63:15. Lee testified that he told Mr. Youngman that he was terminated on June 22, 2020 and that was why he listed the following day as his disability date in his second application. 2-ER-218, Lee Tr. at 63:16-63:25. Lee did not testify that the purpose for the new application or the changed date was to correct an earlier mistake. Lee also affirmatively admitted that he never told the SSA that he had made an error in his first application. 2-ER-058 (response to RFA No. 27).

a declaration that contradicted his sworn testimony. Thus, the District Court correctly granted L3 summary judgment on Lee's claims.

## VII. CONCLUSION

The District Court did not abuse its discretion by finding that the portion of Lee's declaration in which he stated he was able to work at the time of his termination was a sham. That portion of Lee's declaration said the exact opposite of what Lee testified to clearly and unequivocally at his deposition. Lee offered no explanation for the contradiction because there is no plausible explanation other than that his declaration was a sham. Lee's deposition testimony about his inability to work was entirely consistent with what he said four years earlier to the SSA when he submitted a Social Security disability benefits claim in which Lee stated under penalty of perjury that he was unable to work since November 2019.

Accordingly, the judgment in L3's favor should be affirmed.

DATED: Honolulu, Hawaii, June 6, 2025.

CADES SCHUTTE LLP

*/s/ Amanda M. Jones*
AMANDA M. JONES
MICHAEL R. SOON FAH
Attorneys for Defendant-Appellee
L3HARRIS TECHNOLOGIES, INC.

30

## <u>STATEMENT OF RELATED CASES</u>

Defendant-Appellee L3Harris Technologies Inc. is not aware of any related cases pending in this Court.

DATED:  Honolulu, Hawaii, June 6, 2025.

CADES SCHUTTE LLP

<u>*/s/ Amanda M. Jones*</u>
AMANDA M. JONES
MICHAEL R. SOON FAH
Attorneys for Defendant-Appellee
L3HARRIS TECHNOLOGIES, INC.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing document was served this

day on the following through the Appellate Case Management System (ACMS):

JOSEPH T. ROSENBAUM     jtr@frlawhi.com
ELIZABETH JUBIN FUJIWARA     ejf@frlawhi.com
Alakea Corporate Tower
1100 Alakea Street, 20th Fl., Suite B
Honolulu, Hawaii 96813

Attorneys for Plaintiff-Appellant
PRESTON LEE

DATED: Honolulu, Hawaii, June 6, 2025.

CADES SCHUTTE LLP


/s/ Amanda M. Jones
AMANDA M. JONES
MICHAEL R. SOON FAH
Attorneys for Defendant-Appellee
L3HARRIS TECHNOLOGIES, INC.