No. 24−7295

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

PRESTON LEE,

Plaintiff-Appellant

v.

L3HARRIS TECHNOLOGIES, INC.

Defendant-Appellee

On Appeal from the United States District Court
District of Hawaii Civil No. 1:20-00489 (LEK/KJM)
(Honorable Leslie E. Kobayashi)

**REPLY BRIEF**

FUJIWARA AND ROSENBAUM, LLLC

JOSEPH T. ROSENBAUM    9205
ELIZABETH JUBIN FUJIWARA    3558
Alakea Corporate Tower
1100 Alakea St. 20th Fl. Ste. B
Honolulu, Hawaii 96813
Telephone: (808) 203-5436

Attorney for Plaintiff-Appellant
PRESTON LEE

# **TABLE OF CONTENTS**

                                                                      Page

TABLE OF AUTHORITIES..............................................................................iii

INTRODUCTION………………………………………………………………1

ARGUMENT........................................................................................................1

CONCLUSION.....................................................................................................8

STATEMENT OF RELATED CASES................................................................10

CERTIFICATE OF SERVICE………………………………..………11

## **TABLE OF AUTHORITIES**

CASES                                                                                                          Page

*Yeager v. Bowlin*,
693 F.3d 1076, 1080 (9th Cir. 2012)…………………………..………7

## INTRODUCTION

Appellant PRESTON LEE (Mr. Lee) hereby submits his Reply Brief in response to L3HARRIS TECHNOLOGIES, INC.'s ("L3Harris") Answering Brief which, in part, misstates record. The District Court erred in applying the sham affidavit rule to Mr. Lee's declaration. Summary judgment should be reversed and the case remanded for trial.

## ARGUMENT

**A. The District Court Erred in Applying the Sham Affidavit Rule**

**1. The District Court's Initial Inclination at Hearing Was Not to Find for L3Harris on the Sham Affidavit Rule**

The September 24, 2024 hearing transcript on the L3Harris's 2nd Motion for Summary Judgment [Transcript, 3-ER-422-437] provides that the District Court's initial inclination was not to apply the sham affidavit rule in L3Harris's favor. The District Court repeatedly expressed caution in this case about usurping the jury's role as 9th Circuit case law demonstrated a preference for allowing the factfinder to resolve credibility issues.

**The Court's Stated Initial Inclination**

At the outset of the hearing, the District Court explicitly stated its inclination to deny summary judgment on Mr. Lee's disability discrimination claim:

"The court's inclination for you this morning is that the court is inclined to grant insofar as the summary judgment as to Lee's claim for back pay and front pay, and also as to an adverse jury instruction being warranted. I, however, am inclined to deny and am inclined to find that Mr. Lee has established a prima facie case of disability discrimination and also conclude that dismissal sanction is not warranted as it is an extreme sanction..." [Transcript, 3-ER-424]

This statement directly shows the District Court's acknowledgement that the Sham Affidavit Rule should not be applied adversely to Mr. Lee based on the facts in this case.

**The Court's Recognition of the Jury's Role in Credibility Determinations**

The District Court emphasized the tension between the sham affidavit doctrine and the jury's role:

"...the question becomes is it a sham affidavit or is this an issue for the fact finder in terms of credibility, right? And what the case law tells us is that the court must proceed very carefully and with caution in terms of trying not to usurp the fact finder's responsibility to make a credibility determination." [Transcript, 3-ER-426-427].

The District Court recognized it had to be very careful in terms of deciding that Mr. Lee's declaration was a sham affidavit versus leaving it as a credibility issue for the fact finder, yet then shockingly ruled against Mr. Lee on the facts herein.

**The Court's Acknowledgment of Explanations for Inconsistencies**

The District Court recognized that Mr. Lee's statements could be fodder for cross-examination rather than grounds for summary judgment:

2

"Certainly what you pointed out is great fodder for cross-examination, but then the real key part of it here on a motion for summary judgment on the sham affidavit is that even proceeding cautiously, whether or not as the law indicates let's see whether or not that is new facts accompanied by a reasonable explanation to not lead to the striking of a declaration as a sham..." [Transcript, 3-ER-427]

The District Court thereby acknowledged the Ninth Circuit's cautious approach to the sham affidavit rule in which the Ninth Circuit has instructed that the sham affidavit rule should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment. The District Court would have to find that the contradiction is a sham and the inconsistency between Mr. Lee's deposition testimony and subsequent declaration is so clear and unambiguous, it justifies striking the affidavit. Based on the facts herein, the District Court erred in doing so.

**The District Court's Apparently Disregarded Mr. Lee's Explanations**

Mr. Lee offered explanations, including that he clearly misunderstood the SSA form, is unsophisticated, that he was released to work by his doctor after the date he mistakenly stated as the date he could no longer work, he corrected the error on his second SSA form and he has PTSD that effects his ability to think clearly. *See Section 2 infra*.

**Yet, the District Court's Recognized Some of the Evidence Supporting Mr. Lee's Position**

3

The District Court acknowledged evidence in the record supporting Mr. Lee's ability to work. There is evidence in the record that Mr. Lee's doctor cleared him to return to work on April 1, 2020, which was before his termination in June 2020. [Transcript, 3-ER-430-431].

In sum, the Transcript demonstrates that the District Court's initial inclination was not to find in L3Harris's favor on the sham affidavit rule. The District Court repeatedly emphasized the need for caution, recognized the jury's role in making credibility determinations, acknowledged Mr. Lee's explanations for any inconsistencies, and should have considered the totality of the evidence. The District Court's ultimate decision to apply the sham affidavit rule against Mr. Lee represented a departure from its initial inclination, suggesting that the District Court may have erred in its final analysis. This argument is further supported by the District Court's own statement that it was "inclined to deny and am inclined to find that Mr. Lee has established a prima facie case of disability discrimination" [Transcript, 3-ER-424], which directly contradicts the conclusion it ultimately reached.

## 2. Mr. Lee's Declaration Did Not Fatally Contradict His Deposition Testimony

The District Court found Mr. Lee's declaration "flatly contradicted" his deposition testimony regarding his ability to work after November 18, 2019.

4

However, the record shows Mr. Lee explained the context and basis for the dates used in his SSA filings and deposition, including his PTSD-related memory issues and misunderstanding of the SSA form [Docket No. 195-6, 2-ER-097-099 at ¶¶ 149-164; Docket No. 197-1, 2-ER-069].

The District Court, in finding that Mr. Lee's declaration was a sham affidavit, ignored that: 1) On or about April 1, 2020, prior to his termination (June 22, 2020) and the date he became no longer able to work (June 23, 2020), Mr. Lee's doctor, Dr. Williamson, released him to return to work. [Docket No. 195-6, 2-ER-095 at ¶ 122]. 2) Mr. Lee has PTSD a disability that effects his ability to think clearly [Docket No. 195-6, 2-ER-095 at ¶ 149-150], 2) Mr. Lee explained that he made a mistake in his first SSA filing in believing November 18, 2019, the date he went out on stress leave, was the date he could no longer work (by his statement and a fair inference Mr. Lee has explained why his testimony and submission to the SSA was an error as a person with PTSD that effects his ability to think clearly and his short term memory.) [Docket No. 195-5, 2-ER-072] [Docket No. 195-6, 2-ER-097 at ¶ 150-164], 3) prior to his deposition or his declaration Mr. Lee submitted a second application with the SSA with the correct date that he could no longer work as of June 23, 2020. [Docket No. 195-6, 2-ER-097 at ¶ 165], 4) Several of the documents that were produced as a result of Defendant L3Harris's subpoena to the SS office reflect that Mr. Lee initially filed

5

on June 25, 2020. [Docket No. 198-1, 2-ER-052]. [Docket No. 196-1, 2-ER-058]. [Docket No. 197-1, 2-ER-067].

Any assertion that Mr. Lee could not work after November 18, 2019 is clearly a disputed fact as Mr. Lee has submitted facts that he was ready and willing to return to work after November 18, 2019 and was cleared to do so by his doctor. [Docket No. 195-6, 2-ER-095 at ¶¶ 122, 148-165] and Exhibit C (Mr. Lee's 2nd SSD application showing he was rendered completely disabled and unable to work as of June 23, 2020) [Docket No. 197-1, 2-ER-067]. Mr. Lee's first filing *pro se* with the SS Office erroneous informed them his disability began on the last day he actually worked for L3: November 18, 2019. This error was rectified in Mr. Lee's second SSD filing in which Mr. Lee submitted that his disability rendering him unable to work began on June 23, 2020. These facts clearly show that the November 18, 2019 date for Mr. Lee being unable to work was an error by an unsophisticated *pro se* filer who did not understand that the date he last worked was not the date his disability rendered him unable to work. [Docket No. 194, 2-ER-111].

With all of this valid testimony and admissible documentation, Mr. Lee has shown that his declaration is not a sham affidavit as he explained any mistakes/inconsistencies. Via his declaration, exhibits and said explanation, Mr. Lee has created a genuine issue of material fact as to whether or not he was unable

6

to work before June 22, 2020. Fairly judging the weight of the evidence taken in the light most favorable to Mr. Lee and including all reasonable inferences in his favor, Mr. Lee has submitted sufficient evidence for a reasonable juror to find he was able to work as of June 22, 2020, before he was terminated. If L3Harris now has fodder for cross-examination and possible impeachment that should be the extent of the prejudice to Mr. Lee for being a person with a severe mental disability that effects his ability to think clearly and remember dates, etc.

The District Court ignored this evidence and explanation and instead made a credibility determination, contrary to Ninth Circuit precedent [Docket No. 208, 1-ER-015-016; *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012)]

**2. Mr. Lee Provided a Reasonable Explanation for Any Inconsistency**

Mr. Lee's declaration and opposition brief explained that he listed November 18, 2019, as the disability onset date in his initial SSA application because it was the last day he worked, not the date he became unable to work [Docket No. 195-6, 2-ER-099 at ¶ 161]. He later corrected this in his second SSA application, listing June 23, 2020, the day after his termination, as the true onset date [Docket No. 195-6, 2-ER-099 at ¶ 165]. The SSA's own denial letter found Mr. Lee was not disabled as of November 18, 2019 [SER-0072]. The District

Court's finding that Mr. Lee offered an insufficient explanation is not supported by the record [Docket No. 208, 1-ER-018-019].

### 3. The Sham Affidavit Rule Was Raised for the First Time in Reply

L3Harris first raised the sham affidavit argument in its reply, depriving Mr. Lee of a fair opportunity to respond [Docket No. 199, 2-ER-023-045]. The District Court's application of the rule without full briefing was error [Docket No. 208, 1-ER-018].

### 4. The District Court Ignored Evidence Supporting Mr. Lee's Ability to Work

Mr. Lee's doctor released him to return to work on April 1, 2020, prior to his termination [Docket No. 195-6, 2-ER-091 at ¶ 122]. Mr. Lee was ready and willing to return to work up until his termination [Docket No. 195-6, 2-ER-099 at ¶ 164]. These facts create a genuine dispute as to whether Mr. Lee was a "qualified individual" at the time of termination [Docket No. 195-6, 2-ER-091, 097-099 at ¶¶ 122, 148-165; Docket No. 197-1, 2-ER-069].

## CONCLUSION

The District Court's grant of summary judgment should be reversed. Mr. Lee's declaration was not a sham affidavit, and genuine issues of material fact exist as to whether he was a qualified individual at the time of his termination. Considering the facts submitted by Mr. Lee a reasonable juror could find that Mr.

8

Lee was able to work before he was terminated due to his disability. The District Court erred in granting summary judgment as the District Court ignored key facts and documents and/or took the facts in the light most favorable to L3Harris.

DATED: Honolulu, Hawaii, June 26, 2025.

                                        /s/ Joseph T. Rosenbaum
                                        JOSEPH T. ROSENBAUM
                                        Attorney for Plaintiff-Appellant
                                        Preston Lee

## **STATEMENT OF RELATED CASES**

Plaintiff-Appellant Preston Lee is not aware of any other related cases with similar facts to this appeal.

DATED: Honolulu, Hawaii, June 26, 2025.

/s/ Joseph T. Rosenbaum
JOSEPH T. ROSENBAUM
Attorney for Plaintiff-Appellant
Preston Lee

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## 9TH Circuit Case No. 24−7295

---

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 26, 2025.

I hereby certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system as follows:

> AMANDA M. JONES
> MICHAEL R. SOON FAH
> Attorneys for Defendant/Appellee L3Harris Technologies, Inc.

DATED: Honolulu, Hawaii, June 26, 2025.

> /s/ Joseph T. Rosenbaum
> JOSEPH T. ROSENBAUM
> Attorney for Plaintiff-Appellant
> Preston Lee